UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Nick Pence, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.   4:13-cv- 871 CDP |
| | ) | |
| City of Saint Louis, Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

## [~~Proposed~~] Preliminary Injunction

This matter comes before the Court on the parties' joint motion for approval of preliminary injunction by consent. (Doc. # 16).

Pursuant FED. R. CIV. P. 65, Plaintiffs have moved for a preliminary injunction prohibiting the City of St. Louis, from enforcing its street performer ordinance, codified in Chapter 20.55 of the City of St. Louis Revised Code, and associated policies and customs. (Doc. # 3). As relevant to the pending joint motion, Plaintiffs challenge as excessive the $100.00 annual fee for a street performance permit.

In June 2012, the City enacted an emergency amendment to Chapter 20.55 that increased the annual cost of a permit from $25.00 to $100.00. Issuance of a permit is conditioned on payment of the $100.00 annual fee by each individual performer. *See* Revised Code § 20.55.030.A.

Even where a licensing fee is permissible in the Free Speech context, the government may charge no more than the amount needed to cover administrative costs. *See Cox v. New Hampshire*, 312 U.S. 569, 577, 61 S. Ct. 762, 766, 85 L.Ed. 1049 (1941). The proponent of the licensing fee must show that the amount of the fee is "reasonably related to the expenses incident

to the administration of the ordinance and to the maintenance of public safety and order."
*Stonewall Union v. City of Columbus*, 931 F.2d 1130, 1136 (6th Cir. 1991).

Until resolution of Plaintiffs' motion for preliminary injunction or further order of this Court, Defendant is prohibited from requiring payment of an annual fee in excess of $50.00 for an individual street performer, or $100.00 for a group not to exceed nine members, as a condition for issuance of a permit under Chapter 20.55. In addition, Defendant is ordered to refund or issue a credit for any difference between these amounts and the amount paid by any street performer subsequent to June 5, 2012.

This order does not determine the constitutionality of Revised Code § 20.55.030.A, but rather is entered as a matter of equity by agreement of the parties until the motion for preliminary injunction is resolved.

Preliminary injunction hearing remains set on July 12, 2013 as previously ordered.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2013.